IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YVONNE L. WHITE, and ROSCOE NIXON, Individually and as Wife and Husband;<br><br>Plaintiffs,<br><br>vs.<br><br>TROY E. HLAVATY, Personal Representative of the Estate of Tamara S. Hlavaty, MD, deceased; DR. JEFFREY BURWELL, Individually; P.A. CHRISTOPHER LINKE, Individually; THE PHYSICIAN NETWORK, A Nebraska Non-profit Corporation; GRAND ISLAND RADIOLOGY ASSOCIATES, P.C., d/b/a HEARTLAND RADIOLGY, A Nebraska Corporation; and ST. FRANCIS MEDICAL CENTER, d/b/a CHI HEALTH ST. FRANCIS, A Non-profit Corporation doing business in Nebraska;<br><br>Defendants. | 8:20CV207<br><br><br>ORDER |

This matter is before the Court on the Motion to Dismiss due to Plaintiffs' Failure to Follow the Discovery Order of the Court, or in the alternative, Motion to Compel (Filing No. 72) and the Second Motion for Additional Time to Disclose Expert Witnesses and other Deadlines (Filing No. 76) filed by the defendants, Troy E. Hlavaty and Grand Island Radiology Associates. Also before the Court is the Motion to Withdraw as Counsel (Filing No. 75) filed by Larry R. Demerath, counsel for Plaintiffs.

As outlined by the defendants' motion, brief, and exhibits (Filing Nos. 72-74), Plaintiffs have failed to fully respond to the defendants' interrogatories and requests for production of documents, which seek information and documents relevant to Plaintiffs' claims for damages and the defendants' defense. The defendants have attempted to obtain this information from Plaintiffs over the course of several months, culminating in the undersigned magistrate judge ordering Plaintiffs to supplement their responses and disclosures by January 28, 2022. (Filing No. 68). The defendants filed the instant motion to dismiss or to compel on January 31, 2022, after Plaintiffs failed to provide the discovery as ordered. The defendants also seek an extension of their expert disclosure deadline because they need this discovery before their expert(s) can prepare reports. (Filing No. 76). Relatedly, counsel for Plaintiffs has filed a motion to

withdraw, representing to the Court that he has been unable to contact his clients despite repeated attempts by text, email, and telephone. Consequently, counsel for Plaintiffs has not been able to obtain supplemental discovery responses from his clients as ordered by the Court.

Rule 37 of the Federal Rules of Civil Procedure permits the court to sanction a party that fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Dismissal of the action is one such sanction. Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, the court may dismiss an action pursuant to Fed. R. Civ. P. 41(b) if a plaintiff has failed to comply with any order of the court. See *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). But, before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). A district court need not impose the least onerous sanction available, but the most appropriate under the circumstances. See *id.*

After review, and following the discussion held with counsel during the telephone conference on March 1, 2022, the Court will grant Mr. Demerath's motion to withdraw as counsel for Plaintiffs due to the breakdown of communications and the attorney-client relationship. Under the circumstances, at this time the Court will deny the defendants' motion to the extent it requests dismissal of the case, but will grant the alternative motion to compel. Plaintiffs are ordered to supplement their answers to interrogatories and discovery responses identified by the defendants' in their motion at Filing No. 72 and as previously ordered by the Court. Plaintiffs shall serve their supplemental answers and responses on or before April 1, 2022. Plaintiffs' failure to comply with this order will result in the imposition of the sanction of dismissal. Because the Court is permitting Mr. Demerath to withdraw from his representation, Plaintiffs are notified that they must comply with this Court's order without the assistance of counsel or have new counsel enter an appearance on their behalf. Accordingly,

**IT IS ORDERED:**

1. The Motion to Withdraw as Counsel (Filing No. 75) filed by Larry R. Demerath, counsel for Plaintiffs, is granted.

2. Mr. Demerath shall immediately serve a copy of this Order on Plaintiffs and thereafter file proof of service showing compliance with this Order, listing the name and address of the persons to whom notice was sent. Mr. Demerath shall also include Plaintiffs' phone number and/or email address in this proof of service. Mr. Demerath

will not be relieved of applicable duties to the Court, Plaintiffs, and opposing counsel until the proof of service is filed. After filing this proof of service, Mr. Demerath's appearance as counsel of record for Plaintiffs will be terminated, and the Clerk of Court shall terminate electronic notice to him in this case.

3. Upon filing of proof of service pursuant to Paragraph 2 of this Order, Plaintiffs will be deemed to be proceeding *pro se*, that is, without the assistance of counsel, unless substitute counsel enters a written appearance on their behalf. Plaintiffs are responsible for keeping the Court informed of their current contact information while they are proceeding *pro se*.

4. Plaintiffs may retain substitute counsel at any time. However, until such time as substitute counsel enters a written appearance, Plaintiffs must comply with all case progression deadlines, orders of this Court, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

**IT IS FURTHER ORDERED**:

1. The defendants' Motion to Dismiss due to Plaintiffs' Failure to Follow the Discovery Order of the Court, or in the alternative, Motion to Compel (Filing No. 72) is granted to the extent it requests that the Court compel Plaintiffs to respond to outstanding interrogatories and request for production of documents.

2. Plaintiffs are ordered to supplement their answers to interrogatories and responses to requests for production as identified by the defendants in their motion to compel (Filing No. 72) **on or before April 1, 2022**. If Plaintiffs fail to respond as ordered, the defendants shall immediately file a certificate advising the Court of Plaintiffs' noncompliance. **Plaintiffs' failure to comply with this Order will result in a recommendation that this case be dismissed**.

3. The defendants' Second Motion for Additional Time to Disclose Expert Witnesses and other Deadlines (Filing No. 76) is granted. Case progression deadlines, including the defendants' deadline to complete expert disclosures, are stayed until further order of the Court.

Dated this 1st day of March, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge