# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YVONNE L. WHITE, and ROSCOE NIXON, Individually and as Wife and Husband;<br><br>Plaintiffs,<br><br>vs.<br><br>TROY E. HLAVATY, Personal Representative of the Estate of Tamara S. Hlavaty, MD, deceased; DR. JEFFREY BURWELL, Individually; P.A. CHRISTOPHER LINKE, Individually; THE PHYSICIAN NETWORK, A Nebraska Non-profit Corporation; GRAND ISLAND RADIOLOGY ASSOCIATES, P.C., d/b/a HEARTLAND RADIOLGY, A Nebraska Corporation; and ST. FRANCIS MEDICAL CENTER, d/b/a CHI HEALTH ST. FRANCIS, A Non-profit Corporation doing business in Nebraska;<br><br>Defendants. | **8:20CV207**<br><br>**ORDER AND FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Plaintiffs' Motion to Complete Discovery ([Filing No. 83](#)) and the Objection ([Filing No. 86](#)) to Plaintiffs' motion filed by Defendants, Troy Hlavaty and Grand Island Radiology Associates (hereinafter "Defendants"). The Court held a telephonic hearing on the motions on April 20, 2022. For the following reasons, the Court will deny the Plaintiffs' motion to extend and recommend their claims be dismissed pursuant to its inherent authority and Rule 37 of the Federal Rules of Civil Procedure.

Defendants first served their discovery requests on Plaintiffs on July 21, 2020. ([Filing No. 22](#)). On September 12, 2020, Plaintiffs served answers to interrogatories and responses to requests for production of documents. Defendants identified various deficiencies in Plaintiffs' answers and responses, and communicated with Plaintiffs' counsel over the course of several months in an attempt to obtain supplemental answers and responses. Between July 27, 2021, and December 3, 2021, the Court held several telephone conferences with counsel discussing case progression issues, largely related to the parties' requested extensions to expert disclosure deadlines and written discovery deadlines. (Filing Nos. 42, 49, 59). By December 2021, Plaintiffs still had not supplemented their written discovery responses; on December 26, 2021,

Plaintiffs' counsel filed a "Notice" stating his clients had contracted COVID, which curtailed their efforts to complete discovery. (Filing No. 66).

On January 4, 2022, the Court held a telephonic hearing with counsel regarding Plaintiffs' outstanding responses to discovery. After hearing arguments from counsel, the Court ordered Plaintiffs to "serve the responses, disclosures, and supplements" as discussed on the record during the hearing by January 28, 2022. (Filing Nos. 67-70). When Plaintiffs failed to do so, Defendants filed a motion to dismiss the case as a discovery sanction, or in the alternative, motion to compel discovery responses, on January 31, 2022. (Filing No. 72). Defendants also asked for an extension of case deadlines "because of the delinquency of the Plaintiffs in providing complete written discovery responses and all information regarding Plaintiffs' expert witnesses, these Defendants cannot complete written discovery and depositions and produce timely their expert witness reports." (Filing No. 76). Counsel for Plaintiffs then filed a motion to withdraw on February 6, 2022, representing to the Court that he had been unable to contact his clients despite repeated attempts by text, email, and telephone, and was consequently unable to obtain supplemental discovery responses from his clients as ordered by the Court. (Filing No. 75). The Court held a telephonic hearing on March 1, 2022, to discuss Defendants' motion to dismiss or compel and Plaintiffs' counsel's motion to withdraw. (Filing No. 78-79, 81).

Following the March 1 hearing, the Court entered an order granting Plaintiffs' counsel leave to withdraw "due to the breakdown of communications and the attorney-client relationship," and advised Plaintiffs that Plaintiffs would be proceeding pro se, that is, without the assistance of counsel. (Filing No. 80). Under the circumstances, the Court denied Defendants' motion to the extent it requested dismissal of the case as a discovery sanction, but ordered Plaintiffs to supplement their answers to interrogatories and responses to requests for production as identified by Defendants in their motion to compel (Filing No. 72) by April 1, 2022. The Court then warned Plaintiffs that failure to comply with the Court's order "will result in a recommendation that this case be dismissed." (Filing No. 80). On March 14, 2022, Plaintiffs' counsel filed a notice stating he sent a copy of the Court's order to Plaintiffs by text message, email, and certified mail, the latter of which was refused. (Filing No. 82).

On March 31, 2022, Plaintiffs' counsel re-entered his appearance and filed the instant motion asking for an extension of time to complete the required discovery, asserting he learned the communication problems with his clients was due to COVID and Ms. White sustaining a

2

stroke. (Filing No. 83). According to Ms. White's affidavit, she and her husband, Mr. Nixon, "were dealing with covid and were quite sick" in December 2021 and January 2022. In February 2022, Ms. White began having additional problems culminating in a stroke that hospitalized her for approximately three weeks. Ms. White continues to have a hard time focusing. (Filing No. 83-1). On April 4, 2022, Defendants filed an Objection (Filing No. 86) to Plaintiffs' motion and a Certificate confirming that Plaintiffs have not supplemented their written discovery as previously ordered. (Filing No. 85). The Court held a hearing on the matter on April 20, 2022, at which time Plaintiffs still had not served supplemental discovery.

Rule 37 of the Federal Rules of Civil Procedure permits the court to sanction a party that fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Dismissal of the action is one such sanction. Fed. R. Civ. P. 37(b)(2)(A)(v). "To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). "[A] district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999), although "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002)(quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (1992)). Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). A district court need not impose the least onerous sanction available, but the most appropriate under the circumstances. See *id.*

Under the circumstances, the Court finds dismissal of Plaintiffs' claims is warranted as a sanction for their continued failure to supplement written discovery. While the Court is sympathetic to Plaintiffs' recent health struggles, as Defendants point out, Plaintiffs' discovery responses were due long before they state they caught COVID in November 2021. And, taking counsel's representations as true that Ms. White had a stroke in February 2022 and was hospitalized, the medical records filed supporting that claim are dated February 25 to 27, 2022, (Filing No. 83-1 at p. 5), which does not explain why Plaintiffs were unable to even communicate with their attorney before January 28, 2022, (when the Court ordered them to

supplement discovery) or by February 6, 2022, (when Plaintiffs' counsel moved to withdraw due to a breakdown in communications with his clients). Nor is there any doctor's note, medical records, or other evidence—aside from counsel's representation that Ms. White is still "fuzzy"—demonstrating Ms. White was incapable of resuming participation in the discovery process after she was released from the hospital on February 27, 2022, continuing through April 20, 2022. Also, there is no evidence suggesting Mr. Nixon—also a plaintiff in this matter—was incapacitated and unable to communicate with his attorney or provide his responses to discovery at any point, aside from counsel's representations that Mr. Nixon was very ill with COVID from November to December 2021. As the plaintiffs in this action, both were obligated to prosecute their case and respond to appropriate discovery requests from Defendants.

The Court has ordered Plaintiffs to provide supplemental discovery responses more than once, including in its March 1, 2022, Order compelling discovery after recognizing dismissal was not an appropriate sanction at the time. In that order, the Court specifically warned Plaintiffs that failure to serve the discovery by April 1, 2022, *will* result in the sanction of dismissal. But, Plaintiffs still have not complied with the Court's prior order, and Defendants have been prejudiced by Plaintiffs' continued failure to provide complete discovery responses, as they are unable to complete written discovery, depositions, and their expert witness reports. Plaintiffs have willfully violated the Court's prior orders compelling discovery despite being provided several opportunities to do so. Under the circumstances, the Court will recommend their claims be dismissed as to defendants, Troy Hlavaty and Grand Island Radiology Associates. Upon consideration,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Complete Discovery ([Filing No. 83](#)) is denied; and
2. Defendants' Objection to Plaintiff's motion ([Filing No. 86](#)) is granted.

**IT IS HEREBY RECOMMENDED** to Senior Judge Joseph F. Bataillon that the above-captioned case be dismissed as to Defendants, Troy Hlavaty, Personal Representative of the Estate of Tamara S. Hlavaty, MD, deceased; and Grand Island Radiology Associates, pursuant to [Federal Rules of Civil Procedure 37(b)(2)(A)(v)](#).

Dated this 21st day of April, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation and order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation and order. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.